Argued June 3; affirmed June 30; rehearing denied July 28, 1931

# KOTTHOFF *v.* PORTLAND SEED CO.

(300 P. 1029)

*W. H. Powell* of Portland, for appellant.

*Guy O. Smith* and *W. C. Winslow,* both of Salem, for respondent.

BEAN, C. J. At the close of plaintiff's case, defendant moved for a directed verdict upon the ground that the evidence showed, without dispute, that the sale of the seed was made under a disclaimer of warranty, and that the evidence also showed Parrish had released the plaintiff Kotthoff from all liability. The jury returned a general verdict for plaintiff and a special verdict that at the time of the sale there was a general custom among seed men, such as defendant, to refuse to warrant seed as to being true to description.

This action is not based upon the judgment in favor of Parrish and against Kotthoff, plaintiff herein, as to the amount thereof, but it is alleged that the amount of damages occasioned by the seed not being Rosen rye was $5,000. Plaintiff also claims the costs incurred in the Parrish action.

The case of *Parrish v. Kotthoff* appealed to this court involved the sale of the identical rye that is in question in the present case, and the law of this case is largely settled by the opinion in the former case.

■ Defendant assigns error of the court in overruling its motion for a directed verdict, and contends that the sale of the seed was governed by general custom of the seed trade and by previous course of dealings between the defendant seller and the plaintiff buyer. There was a conflict in the testimony upon this question. The court charged the jury as follows:

"There is no issue upon the facts constituting an implied warranty for it is admitted by both parties that there was a sale of goods by description.

"Whether this implied warranty was negatived by the alleged course of dealing or by the alleged general custom, are questions of fact for you to determine in case you find that the facts constituting an express warranty have not been proven."

The verdict of the jury forecloses this question. Section 64-314, Oregon Code 1930, being section 14 of the Uniform Sales Act, provides as follows:

"Where there is a contract to sell or a sale of goods by description, there is an implied warranty that the goods shall correspond with the description, and if the contract or sale be by sample, as well as by description, it is not sufficient that the bulk of the goods corresponds with the sample if the goods do not also correspond with the description."

The sale of the purported Rosen rye in question having been sold and purchased by description, the sale was governed by the section of the statute quoted. The laws governing such sale are plainly laid down in

the opinion in *Parrish v. Kotthoff,* at page 532 of the report, where Mr. Justice RAND used the following language:

"*  *  * Where specified goods are sold in compliance with an order describing the goods and the seller furnishes them, he is held to warrant that the goods are of the kind asked for. In such case it is a substantive part of the contract that the goods shall be of the kind ordered. That is one of the terms of the contract without the fulfillment of which the contract cannot be performed. This rule is not changed by the Uniform Sales Act and is in addition to the implied warranty that the goods shall be fit for the particular purpose to which they are to be applied when that purpose is known to the vendor.''

■ The testimoy in the case shows the value reasonably expected from the crop had the seed been Rosen rye and the value thereof for pasturing sheep, the number of head that could be pastured, and the value of the seed if they had raised a crop of seed, which formed a complete basis for the jury to estimate the damages caused by the seed not being Rosen rye, and the contention of defendant that the court should have directed a verdict in favor of defendant cannot be upheld.

Plaintiff ordered or proposed to defendant that it send him 275 sacks of Rosen rye seed. The defendant accepted the proposition and sold and shipped to plaintiff 275 sacks of rye. This constituted a contract. It was the duty of defendant, in executing such a contract, to ship to the plaintiff Rosen rye. This was the only way in which defendant could comply with the terms of its contract. The jury found that the contract made between the parties was not based upon the general custom.

■ It is claimed by defendant that the plaintiff agreed with Parrish that the judgment in the case of

*Parrish v. Kotthoff* should never be enforced. The judgment was based upon a stipulation which is in evidence. The stipulation is not that the judgment in favor of Parrish should never be satisfied, but that it should be satisfied with the amount required to be paid by defendant in the present action in satisfying the judgment herein. The stipulation was admitted in evidence without objection. As stated heretofore, the judgment in the former case did not govern the amount of damages in the present case, but depended entirely upon the testimony in regard thereto. One of the grounds of the claim of defendant that plaintiff cannot recover is that it was agreed between plaintiff and defendant that Parrish never would enforce the judgment. The proceedings in the former action, *Parrish v. Kotthoff,* were stipulated in the record. It was thereby agreed that the judgment "was entered based upon the verdict rendered in favor of Parrish and against Kotthoff in the sum of $5,000, together with $25.50 costs. *Thereafter said judgment was satisfied.*" The contention of defendant is not in harmony with the stipulation found in the record. The point is not well taken.

■ Defendant complains that Parrish did not minimize the damages as he was required to do, for the reason that he did not reseed the ground to Rosen rye after he found that the seed sown was not true Rosen rye. It was explained to the jury how the land was prepared and when the seed was sown. The testimony does not indicate that in July, 1927, when Parrish found that the rye sown was not Rosen rye that he could prepare the ground and reseed the same. The matter was all explained to the jury as to what was done on the land and they no doubt understood that

there was a "seed time and a harvest." There was no error in failing to give an instruction predicated upon the fault of Parrish in neglecting to reseed the land after he found the rye in question was not true Rosen rye. The court instructed the jury as to the measure of damages, as follows:

"In case you award damages to plaintiff, the measure of general damages is the difference, if any, between the value of the crop which Mr. Parrish raised and a crop of Rosen rye, not in excess of the amount demanded, namely, $5,000."

See *Parrish v. Kotthoff*, supra, page 536, and cases there cited.

The charge of the court fairly submitted the case to the jury. We find no error therein, nor in failing to give the defendant's requested instructions.

The trial court followed the law as enunciated in the former opinion of *Parrish v. Kotthoff*. The case is largely governed by the ruling in the former case, and the judgment must be affirmed. It is so ordered.

RAND, ROSSMAN and BELT, JJ., concur.